UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH LUNG,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-149

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss (Doc. 8), which petitioner opposes. (*See* Doc. 12). Respondent has filed a reply to petitioner's opposition memorandum. (Doc. 14).

**I. PROCEDURAL HISTORY**

Petitioner challenges his conviction and sentence entered on August 3, 2011 by the Brown County, Ohio, Court of Common Pleas after he pleaded guilty to one count of kidnapping with firearm specification and another amended kidnapping charge without a firearm specification. (*See* Doc. 3; Doc. 8, Exs. 5, 7). Although petitioner did not file a timely appeal to the Ohio Court of Appeals, Twelfth Appellate District, the state appellate court granted his motion for delayed appeal filed March 22, 2012. (*See* Doc. 8, Exs. 8-9, 12). In his appellate brief, petitioner presented two assignments of error, claiming that (1) the trial court committed plain error by imposing separate convictions and sentences for allied offenses of similar import; and (2) his trial

counsel provided ineffective assistance. (*Id.*, Ex. 13). On November 19, 2012, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 16).

Four months later, on April 12, 2013, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court. (*Id.*, Exs. 17-18). On June 5, 2013, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the case. (*Id.*, Ex. 19).

The instant federal habeas action commenced on February 14, 2014, when petitioner's application to proceed *in forma pauperis* was docketed as "filed" by the Court. (*See* Doc. 1). However, for statute of limitations purposes, it is presumed that petitioner's habeas petition was filed on February 11, 2014, the date that petitioner claims he served his *pro se* pleadings "upon the Office of the Ohio Attorney General." (*See* Doc. 1, at PAGEID#: 2, 13; Doc. 3, at PAGEID#: 58).[1] In the petition, he alleges the following grounds for relief:

> **Ground One:** The Ohio State Courts erred in Sentencing Petitioner by not determ[in]ing the charges to be allied offenses. . . .
>
> **Ground Two:** The Ohio State Courts erred in allowing Petitioner's sentence as he was clearly denied effective assistance of both trial and Appellate counsel; which resulted in an illegal sentence.

(Doc. 3, at PAGEID#: 51, 53).

Respondent has filed a motion to dismiss the petition. (Doc. 8). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas actions by state prisoners,

---

[1] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

2

which is set forth in 28 U.S.C. § 2244(d). (*Id.*, pp. 8-15, at PAGEID#: 74-81). Petitioner has filed a brief opposing the motion to dismiss, to which respondent has filed a reply. (Docs. 12, 14).

**II. RESPONDENT'S MOTION TO DISMISS (DOC. 8) SHOULD BE DENIED**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Here, it is clear from the record that the facts underlying petitioner's claims, based on errors that occurred during the trial and direct appeal proceedings, were discoverable in the exercise of due diligence by the conclusion of direct review or expiration of time for seeking such review. Therefore, as respondent has contended, they are governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became

3

final. (*See* Doc. 8, p. 10, at PAGEID#: 76). In this case, petitioner did not pursue a timely appeal to the Ohio Court of Appeals from the trial court's final judgment entry of August 3, 2011, and delayed several months before seeking an appeal with the state appellate court in March 2012. However, the Ohio Court of Appeals' granting of his delayed appeal motion restored the pendency of his appeal, thereby rendering his conviction non-final under § 2244(d)(1)(A) at that time. *See Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009) (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)"). *Cf. Ashcraft v. Warden, Lebanon Corr. Inst.*, No. 1:13cv195, 2014 WL 2532334, at *4 (S.D. Ohio June 5, 2014) (Bowman, M.J.) (Report & Recommendation) (distinguishing *Jimenez* from the numerous cases cited therein, which involved the *denial* of a delayed appeal motion that did not restart the limitations period), *adopted*, 2014 WL 3342569 (S.D. Ohio July 8, 2014) (Beckwith, J.).

Therefore, as respondent has apparently conceded in his reply brief (*see* Doc. 14), petitioner's conviction did not become "final" within the meaning of § 2244(d)(1)(A) until January 3, 2013, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 19, 2012 direct appeal decision. *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i). Although petitioner later unsuccessfully sought leave to file a delayed appeal with the Ohio Supreme Court, it is well-settled that, in contrast to cases where the motion for delayed appeal is *granted*, unsuccessful motions for delayed appeal do not restart the running of the statute under § 2244(d)(1)(A), but rather can only serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Washington v. Warden, Lebanon Corr. Inst.*, No.

1:13cv765, 2014 WL 1884392, at *3 (S.D. Ohio May 9, 2014) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2014 WL 2608200 (S.D. Ohio June 11, 2014) (Barrett, J.); *Taher v. Warden, Warren Corr. Inst.,* No. 1:12cv400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.) (and numerous cases cited therein); *Sayles v. Warden, London Corr. Inst.,* No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.); *see also Applegarth v. Warden, North Cent. Corr. Inst.*, 377 F. App'x 448, 449-50 (6th Cir. 2010) (and Sixth Circuit cases cited therein). The statute of limitations, therefore, commenced running in this case on January 4, 2013, one day after petitioner's conviction became final by the expiration of time for seeking review of the Ohio Court of Appeals' decision affirming the trial court's judgment of conviction and sentence. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

During the one-year limitations period that began on January 4, 2013, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, the statute ran for only 98 days before it was tolled under § 2244(d)(2) by the filing of petitioner's delayed appeal motion with the Ohio Supreme Court on April 12, 2013. (*See* Doc. 8, Exs. 17-18). The statute remained tolled until June 5, 2013, when the Ohio Supreme Court denied petitioner's delayed appeal motion. (*See id.*, Ex. 19). Although respondent has included in the tolling calculation the additional 90 days in which petitioner could have filed a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's June 5, 2013 ruling (*see id.*, Brief, p. 11, at PAGEID#: 77), the statute was *not* tolled under § 2244(d)(2) for those additional days. *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (holding that in contrast to § 2244(d)(1)(A)'s direct-review finality provision, which includes the time for seeking review in the United States Supreme Court, § 2244(d)(2)'s tolling provision "hinges on the pendency of state review" and, therefore, does *not* extend "to provide tolling . . . for certiorari petitions following state postconviction review"); *see also Foster v. Bobby,* No. 07-CV-1303, 2010 WL 1524484, at *2-4 (N.D. Ohio Apr. 15, 2010); *Lee v. Warden, Chillicothe Corr. Inst.*, No. 2:08cv415, 2009 WL 1911917, at *1 (S.D. Ohio June 30, 2009). Therefore, the statute commenced running again on June 6, 2013 and ran an additional 250 days before petitioner "filed" his federal habeas petition on February 11, 2014.

When petitioner initiated the instant action in February 2014, the statute of limitations, which had run a total of 348 days, had not yet expired. Therefore, his habeas corpus petition is not time-barred. Accordingly, because it appears the instant petition was timely filed before the expiration of the one-year limitations period, respondent's motion to dismiss (Doc. 8) should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Respondent's motion to dismiss (Doc. 8) be **DENIED**.

Date: 2/9/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH LUNG,
    Petitioner,

vs

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-149

Dlott, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc