UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH LUNG,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-149

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). On March 9, 2015, the District Court adopted the undersigned's Report and Recommendation to deny the respondent's motion to dismiss the petition on statute of limitations grounds. (Docs. 18-19). At this juncture, it appears that this matter is now ripe for final disposition. Therefore, the case is before the Court for ruling on petitioner's habeas petition in light of respondent's return of writ. (*See* Docs. 3, 17).[1]

# I. PROCEDURAL HISTORY

## State Trial Proceedings

In January 2011, the Brown County, Ohio, grand jury returned an indictment charging petitioner with five counts of kidnapping in violation of Ohio Rev. Code § 2905.01(B)(2); one

---

[1] The record considered herein also includes the record of the underlying state court proceedings that respondent submitted as attachments to the motion to dismiss. (*See* Doc. 8, at PAGEID#: 83-213).

count of domestic violence in violation of Ohio Rev. Code § 2919.25(C); and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3). (Doc. 8, Ex. 1). A firearm specification was attached to each of the kidnapping charges. (*Id.*). The facts giving rise to the charges were summarized as follows by the Ohio Court of Appeals, Twelfth Appellate District:[2]

> At 4:00 a.m. on December 27, 2010, Keren Lung (appellant's wife) was awakened by one of her sons frantically saying, "Mom, wake up. Joe has the shotgun." The shotgun was loaded. Thereafter, appellant held Keren and her children (appellant's step-sons) at gunpoint. Keren and her children were separated by 30 feet. Neither Keren nor the children were allowed to move, to be together, or to leave the house. The children were crying, screaming, and begging appellant, "Please stop. Don't shoot us. Let us go." Eventually, the children were able to escape. Keren was left alone with appellant until she, too, was able to escape. As she was fleeing the house, Keren kept screaming, "Don't shoot me. Don't shoot me. Joe, don't shoot me."

(*Id.*, Ex. 16, at PAGEID#: 145-46).

On July 1, 2011, petitioner pleaded guilty to one count of kidnapping with a firearm specification (Count 1) and another amended kidnapping charge without a firearm specification (Count 3) in exchange for the dismissal of the other charges and the specification attached to Count 3. (*See id.*, Ex. 5). On August 3, 2011, the trial court sentenced petitioner to an aggregate prison term of nine (9) years, which consisted of consecutive terms of imprisonment of three (3) years for the two kidnapping offenses and the firearm specification attached to Count 1. (*Id.*, Ex. 7).

---

[2] The Ohio appellate court summarized the facts in a decision filed November 19, 2012. (*See* Doc. 8, Ex. 16). 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless the petitioner rebuts the presumption by "clear and convincing evidence." In the absence of clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted below, the appellate court's findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

### State Appeal Proceedings

Petitioner did not pursue a timely appeal to the Ohio Court of Appeals, Twelfth Appellate District. However, the state appellate court granted his *pro se* motion for delayed appeal filed March 22, 2012. (*See* Doc. 8, Exs. 8-9, 12). Counsel was appointed to represent petitioner in the appeal (*see id.*, Ex. 12), who filed an appellate brief raising the following assignments of error:

1. The trial court committed plain error by imposing separate convictions and sentences upon Mr. Lung for allied offenses arising out of the same conduct and of similar import.

2. Mr. Lung was denied his right to effective assistance of counsel pursuant to the Sixth Amendment.

(*Id.*, Ex. 13). In the second assignment of error, counsel specifically argued that petitioner's trial counsel was ineffective for "fail[ing] to seek merger of allied offenses of similar import" and "fail[ing] to object to the imposition of multiple sentences for allied offenses." (*Id.*, at PAGEID#: 117).

On November 19, 2012, the Ohio Court of Appeals issued an Opinion and Judgment Entry overruling the assignments of error and affirming the trial court's judgment. (*Id.*, Ex. 16).

Nearly five months later, on April 12, 2013, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court. (*Id.*, Exs. 17-18). Petitioner claimed as cause for his delay in filing that his appellate counsel failed to inform him of the Ohio Court of Appeals' decision; that he "did not receive a copy of th[at] Decision until January 2, 2013"; and that he "did not receive the complete file including Court of Appeals Briefs or Trial transcripts until after February 1, 2013" from his appellate counsel. (*Id.*, Ex. 18, at PAGEID#: 159-60). On June 5, 2013, the Ohio Supreme Court denied petitioner's motion for delayed appeal and

dismissed the matter without opinion. (*Id.*, Ex. 19).

### Federal Habeas Corpus Petition

The instant federal habeas action commenced in February 2014. (*See* Doc. 1). In the petition, petitioner alleges the following grounds for relief:

> **Ground One:** The Ohio State Courts erred in Sentencing Petitioner by not determ[in]ing the charges to be allied offenses; when all counts in the indictment arose from a single animus for purposes of ORC Section [2941.25] and in violation of Federal Merger Principles of double jeopardy and due process. . . .
>
> **Ground Two:** The Ohio State Courts erred in allowing Petitioner's sentence as he was clearly denied effective assistance of both trial and Appellate counsel; which resulted in an illegal sentence.

(Doc. 3, at PAGEID#: 51, 53).

In the return of writ filed in response to the petition, respondent contends in part that petitioner is not entitled to relief based on the merits of his claims for relief. (Doc. 17). Respondent also argues that petitioner procedurally defaulted and has waived any claim challenging the effectiveness of his appellate counsel. (*See id.*, at PAGEID#: 301-02).

## II. The Petition Should Be Dismissed Because Petitioner Procedurally Defaulted And Has Waived His Claims For Federal Habeas Relief

Upon review of the record, it appears that petitioner has waived his claims for federal habeas relief because the claims were procedurally defaulted by him in the state courts. As a general rule, procedural default is an affirmative defense that must be asserted by the State or it will be deemed waived. *See Wright v. Moore*, No. 2:13cv0881, 2014 WL 1922806, at *7 (S.D. Ohio May 14, 2014) (Abel, M.J.) (Report & Recommendation) (citing *Trest v. Cain*, 522 U.S. 87, 89 (1997); *Gray v. Netherland*, 518 U.S. 152, 166 (1996)), *adopted*, 2014 WL 2876431 (S.D. Ohio June 24, 2014) (Watson, J.). However, even if the defense is not expressly asserted by the

4

State, the federal habeas court is not precluded from *sua sponte* raising or recognizing a procedural default as long as the petitioner is afforded an opportunity to present arguments on the issue. *Davis v. Warden, Chillicothe Corr. Inst.*, No. 1:13cv198, 2014 WL 116666, at *10 (S.D. Ohio Jan. 10, 2014) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2014 WL 1302615 (S.D. Ohio Mar. 31, 2014) (Barrett, J.); *see also Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citing *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005)) ("[E]ven if the State does waive a procedural default defense, we may raise it *sua sponte*."). In this case, because the petitioner "has the opportunity to be heard on the issue by way of objections to the instant Report and Recommendation, 'the district court does not abuse its discretion in *sua sponte* raising the issue of procedural default.'" *See Davis, supra,* 2014 WL 116666, at *10 (quoting *Schuler v. Hudson*, No. 1:08cv456, 2009 WL 3563164, at *10 (S.D. Ohio Oct. 30, 2009) (Barrett, J.; Hogan, M.J.)); *see also Wright, supra,* 2014 WL 1922806, at *7 (and cases cited therein); *Thompson v. Anderson*, No. 1:08cv2913, 2010 WL 4025936, at *7 & n.4 (N.D. Ohio Mar. 19, 2010) (Report & Recommendation) (and cases cited therein), *adopted*, 2010 WL 4026121, at *8 (N.D. Ohio Oct. 13, 2010).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal

5

theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

"A claim may become procedurally defaulted in two ways." *Williams*, 460 F.3d at 806. First, a procedural default occurs when the petitioner fails to raise a claim in state court or fails to exhaust a claim through the State's appellate review procedures, and state court remedies are no longer available to pursue. *Id.* (citing *O'Sullivan,* 526 U.S. at 847-48). Second, a claim that has been exhausted in the state courts is deemed to be procedurally defaulted when the state court's disposition of the claim rests on a state procedural ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See id.*; *see also Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal. *Id.*

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under

6

the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson*, 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, petitioner committed both types of procedural default. First, petitioner has asserted new claims in his federal habeas petition that were never presented to the state courts. Specifically, petitioner has added a claim in Ground One that the trial court failed to make "required statutory findings" before imposing consecutive prison terms. (*See* Doc. 3, at PAGEID#: 51). Moreover, in Ground Two, petitioner has added claims that (1) his trial and appellate counsel were ineffective because they "forced [him] to file Delayed Appeals at the Court of Appeals and Supreme Court stages"; (2) his trial and appellate counsel were ineffective

7

for failing to assert objections to his consecutive sentences based on the lack of "required findings of fact and law" or required showing by the State that petitioner had a separate "purpose or intent" for the two kidnapping offenses when he took "his family hostage at gun point"; and (3) his trial counsel was ineffective for "allowing [the trial judge] to [preside] over both [petitioner's] criminal trial and his divorce." (*See id.*, at PAGEID#: 53-57). At this juncture, there is no longer any remedy available in the state courts to pursue those claims.[3]

Second, to the extent that petitioner has asserted claims that were presented to and decided by the Ohio Court of Appeals on appeal from his conviction and sentence, petitioner committed the second type of procedural default when he failed to perfect a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 19, 2012 decision overruling the assignments of error and affirming the trial court's judgment. Petitioner was permitted under Ohio S.Ct. Prac.R. 7.01(A)(4)(a) to seek a delayed appeal with the Ohio Supreme Court in order to challenge the Ohio Court of Appeals' decision. However, because the Ohio Supreme Court summarily denied his request for leave to file a delayed appeal, petitioner's failure to pursue a timely appeal amounts to a default of his claims for federal habeas relief.

The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a

---

[3] It is noted that to the extent that petitioner alleges his appellate counsel was ineffective, petitioner could have, but did not, pursue the previously available remedy of an application under Ohio R. App. P. 26(B) for reopening of the appeal to the Ohio Court of Appeals. As respondent has pointed out in the return of writ, petitioner was required to file the reopening application "within ninety days from journalization of the appellate court judgment unless the applicant shows good cause for filing at a later time." Ohio R. App. P. 26(B)(1). The only "good cause" argument that petitioner has ever lodged is that he was prevented from filing a timely appeal to the Ohio Supreme Court because he was not informed of the Ohio Court of Appeals' November 19, 2012 decision by his counsel and did not receive the decision until January 2, 2013. It is, therefore, clear that petitioner was well aware of the factual bases for all of his ineffective assistance of appellate counsel claims before the ninety-day period for filing a timely reopening application expired on February 17, 2013. Certainly, at this time, nearly two and one-half years past the deadline date, petitioner is unable to demonstrate "good cause" for any belated reopening application.

8

motion for delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits"), *cert. denied,* 133 S.Ct. 2391 (2013). In so holding, the Sixth Circuit reasoned in *Bonilla* that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). The court explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup.Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Id.* at 497.

As in *Bonilla*, petitioner failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he did not provide adequate reasons for his delay in filing. *See id.* In this case, as in *Bonilla,* the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *Id.* In such circumstances, it must be assumed that the state supreme court enforced the

9

applicable procedural bar to review. *Id.* (citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir. 1996)).

Because petitioner failed to comply with a state procedural rule, which was relied on by the Ohio Supreme Court in denying his motion for delayed appeal, the Ohio Supreme Court was not provided with an opportunity to consider the merits of petitioner's claims that were raised to and addressed by the Ohio Court of Appeals. Therefore, this Court's review of such claims, as well as the claims that were never raised to the state courts, is barred unless petitioner "can demonstrate cause for the default[s] and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 497 (quoting *Coleman,* 501 U.S. at 750).

Petitioner has neither argued nor otherwise demonstrated that failure to consider his claims for relief will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

In addition, petitioner has not established cause for his procedural defaults in this case. Petitioner has not presented any justification for his failure to present his new claims for relief to the state courts. With respect to the claims that were raised to the Ohio Court of Appeals and defaulted by petitioner when he failed to file a timely appeal to the Ohio Supreme Court, petitioner contended in his motion for delayed appeal to the Ohio Supreme Court that he was not informed of the Ohio Court of Appeals' decision until January 2, 2013, one day before the 45-day

10

period for filing a timely appeal expired,[4] and "did not receive the complete file including Court of Appeals Briefs or Trial transcripts until after February 1, 2013" from his appellate counsel. (*See* Doc. 8, Ex. 18, at PAGEID#: 159-60). The undersigned is not persuaded by that argument.

Petitioner has conceded that he was made aware of the Ohio Court of Appeals' decision on January 2, 2013, and yet he waited until April 12, 2013 to file a motion for delayed appeal with the Ohio Supreme Court. In an analogous case, where the petitioner argued that his appellate counsel's failure to inform him of a state court decision constituted cause for his failure to meet the deadline for perfecting a timely appeal to the Ohio Supreme Court, the Sixth Circuit held that "if the period of time between when the defendant learned of the [appellate court] decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal . . ., the defendant fails to demonstrate that he or she "would have timely appealed" the decision but for [appellate] counsel's failure to notify the defendant of the decision." *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 435 (6th Cir. 2006) (emphasis in original); *see also Baker*, 495 F. App'x at 565-66 (relying on *Smith* in rejecting the habeas petitioner's argument that "cause" was established for his delay in filing a delayed appeal motion with the Ohio Supreme Court because, although the petitioner may not have known of the appellate court's decision until a year after the decision was rendered and at that point immediately filed a Rule 26(B) motion to reopen the appeal, he did not file his motion for delayed appeal until 90 days later, well past the 45-day appeal period allotted under the Ohio Supreme Court's Rules of Practice). Similarly, here, after learning in January 2013 of the Ohio Court of Appeals' decision, petitioner waited over three months before filing his motion for

---

[4] *See* Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i).

11

delayed appeal on April 12, 2013. Therefore, as in *Smith* and *Baker*, petitioner's reliance on the fact that he was not informed in a timely fashion of the Ohio Court of Appeals' decision does not excuse the procedural bar to review of his claims. *Cf. Smith*, 463 F.3d at 436; *Baker*, 495 F. App'x at 565-66; *see also Isreal v. Warden, Warren Corr. Inst.*, No. 1:14cv24, 2015 WL 357060, at *9 (S.D. Ohio Jan. 27, 2015) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2015 WL 763968 (S.D. Ohio Feb. 23, 2015) (Barrett, J.); *Gau v. Kelly,* No. 4:09cv2955, 2011 WL 400141, at *6-7 (N.D. Ohio Feb. 4, 2011).[5]

In addition, the procedural bar to review should not be excused to the extent that petitioner may argue in any objections that his failure to file a timelier motion for delayed appeal should be excused because he is a *pro se* litigant who lacks knowledge of the law or the procedural requirements for seeking an appeal with the Ohio Supreme Court after the deadline for filing a timely appeal has passed. It is well-settled in the Sixth Circuit that such reasons are insufficient to establish cause to excuse a procedural default. *See, e.g., Bonilla*, 370 F.3d at 498; *see also Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995) (holding that the petitioner's "pro se status and ignorance of his rights do not constitute cause excusing his failure to raise grounds before the state courts"); *Rogers v. Warden, Warren Corr. Inst.,* No. 1:10cv397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Litkovitz, M.J.) (Report & Recommendation) ("[t]he petitioner's pro se

---

[5] Although petitioner has also claimed that he not receive the "complete file" from his appellate counsel until after February 1, 2013, he still filed his delayed appeal motion well over 45 days thereafter. In any event, access to the "complete file" was not necessary for preparing and filing a motion requesting leave to file a delayed appeal. Under Ohio S.Ct.Prac.R. 7.01(A)(4), petitioner was only required to file a motion stating "the date of entry of the judgment being appealed and the reasons for delay" with a copy of the court of appeals' opinion and judgment attached to the motion. Ohio S.Ct.Prac.R. 7.01(A)(4)(b) expressly provides that "[a] memorandum in support of jurisdiction shall not be filed at the time a motion for delayed appeal is filed." Therefore, the fact that petitioner may not have had the "complete file" until a later point in time does not excuse his failure to file a motion for delayed appeal within 45 days after he received a copy of the appellate court's decision on January 2, 2013.

status, ignorance of the law or procedural requirements, or limited access to legal materials does not constitute cause" to excuse his procedural default of his habeas claims), *adopted,* 2011 WL 1753711 (S.D. Ohio May 9, 2011) (Dlott, J.).

Accordingly, in sum, the undersigned concludes that petitioner procedurally defaulted his claims for federal habeas relief by either (1) failing to raise them at all to the state courts or (2) failing to pursue a timely appeal to the Ohio Supreme Court with respect to claims that were presented to and considered by the Ohio Court of Appeals.  The Ohio Supreme Court's denial of petitioner's motion for delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of those claims.  The undersigned further concludes that petitioner has waived the procedurally-defaulted claims asserted as grounds for relief in the instant petition in the absence of a showing of cause for petitioner's procedural defaults or that a fundamental miscarriage of justice will occur if petitioner's claims for relief are not considered by this Court. Therefore, the petition should be dismissed with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that petitioner procedurally defaulted and has waived his grounds for relief.

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable

whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his procedurally defaulted grounds for relief. *See Slack,* 529 U.S. at 484.

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH LUNG,
    Petitioner,

vs

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-149

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc